S.W. 434, Judge Davidson, in passing on the question, said:

"Whether or not a weapon is a deadly weapon can be proved by its size and character, and the manner in which it was used."

Thus, it will be seen that under such circumstances it becomes a question of fact for the jury to determine whether or not the instrument used was a deadly weapon. Therefore, in the instant case, it was a question of fact for the court (a jury having been waived) to decide whether or not the knife was such an instrument as was calculated and likely to produce death or serious bodily injury. If so, it was a deadly weapon. See McReynolds v. State, 4 Tex.App. 327; Prescott v. State, 54 Tex. Cr.R. 481, 485, 113 S.W. 530.

From what we have said, it follows that the judgment of the trial court should be affirmed, and it is so ordered.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

**THOMPSON v. STATE.**

No. 22807.

Court of Criminal Appeals of Texas.

April 12, 1944.

Chas. Roach and Grady Sturgeon, both of Paris, for appellant.

Ernest S. Goens, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The conviction is for selling whisky in a dry area. The punishment assessed is a fine of $100.

The record is before us without a statement of facts or bills of exception. All matters of procedure appear to be in regular form.

The judgment of the trial court is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.